# JOHN F. ROSSI
### ATTORNEY AT LAW
18 TREMONT STREET
SUITE 900
BOSTON, MASSACHUSETTS 02108

TELEPHONE
(617) 742-5400

FACSIMILE
(617) 742-0003

June 4, 2006

Peter C. Kober, Esq.
Litchfield Cavo, LLP
6 Kimball Lane
Suite 100
Lynnfield, MA 01940



**RE:  MARY E. PETIT & FRANK PETIT**
**AND: VERMONT MUTUAL INSURANCE COMPANY**

Dear Mr. Kober:

Thank you for forwarding copies of exhibits concerning the statements under oath of Mary and Frank Petit which you took on May 24, 2006. I did note that there was no exhibit number 8 included among those exhibits. I would therefore appreciate it if you would forward a copy of Exhibit 8 to me at your earliest convenience. Alternatively, kindly notify me if there is any question or problem in this regard.

I have also reviewed your letter to me dated May 30, 2006, wherein you notified me of Vermont Mutual Insurance Company's refusal to compensate the Petits for the travel related expenses they incurred in appearing for their statements under oath. It is important to note that Vermont Mutual, through your previous letter to the Petits dated May 9, 2006, made clear its request that they travel to Massachusetts for this purpose. Although your letterhead indicated you had an office in Florida, and notwithstanding the available technology to take these statements via telephone or in Florida, Vermont Mutual decided to require both of them to travel to Boston for this purpose. The only option Vermont Mutual provided to the Petits was whether to have the statements taken in Lynnfield or Boston, Massachusetts. The applicable policy provisions do not indicate any obligation of the insureds to incur material expenses with regard to their responsibility to comply with the insurer's request for a statement under oath. At best, this issue is ambiguously handled in the policy which the insurer has drafted. If so, this ambiguity is likely to be interpreted in favor of the insureds. As a result of the foregoing, I have enclosed copies of the Petits' receipts and invoices and hereby demand payment on their behalf in the amount of $2,755.86.

I have forwarded a copy of your May 31, 2006 letter to my clients and expect to hear from them in this regard in the near future. Notwithstanding this action, it appears clear that there is absolutely no valid evidence that the discrepancy you discuss in your letter would suffice to enable Vermont Mutual to meet its burden of proof should it

JOHN F. ROSSI
ATTORNEY AT LAW

**Peter C. Kober, Esq. Letter**
**June 4, 2006**
**Page Two**

attempt to refuse payment in this matter due to any alleged misrepresentations by the Petits. In fact, it would appear that any attempts by Vermont Mutual to refuse payment on such a basis would likely constitute an unfair or deceptive act or practice pursuant to Chapter 176D, and thereby give rise to a violation of the Massachusetts Consumer Protection act, Chapter 93A.

Based on the foregoing, and notwithstanding our willingness to continue to comply with the requests made in your May 31st letter, demand is hereby made for full payment of this claim pursuant to the proof of loss and estimate both of which have been previously submitted in this matter on behalf of Mary E. And Frank Petit.

I look forward to hearing from you in the near future in this regard. Thank you for your anticipated courtesy and consideration.

Very truly yours,

JOHN F. ROSSI

JFR/ejf
2006.006