UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| VERMONT MUTUAL INSURANCE COMPANY, <br>      Plaintiff/Counterclaim Defendant, | ) ) ) ) | |
| V. | ) ) | Civil Action No: 1:06-cv-11212 JLT |
| MARY E. PETIT AND FRANK PETIT, TRUSTEES OF 93A HILLSIDE STREET NOMINEE TRUST, and DADGAR INSURANCE AGENCY, INC., <br>      Defendants/Counterclaim Plaintiffs. <br> _____ | ) ) ) ) ) ) ) | |
| MARY E. PETIT AND FRANK PETIT, TRUSTEES OF 93A HILLSIDE STREET NOMINEE TRUST, <br>      Cross-claim Plaintiffs, | ) ) ) ) ) | |
| V. | ) ) | |
| DADGAR INSURANCE AGENCY, INC., <br>      Cross-claim Defendant, <br> _____ | ) ) ) | |
| MARY E. AND FRANK PETIT, TRUSTEES OF 93A HILLSIDE STREET NOMINEE TRUST, <br>      Third Party Plaintiffs, | ) ) ) ) ) | |
| V. | ) ) | |
| ANOWSHIRVAN DADGAR, <br>      Third Party Defendant. <br> _____ | ) ) ) | |

**ANSWER, COUNTERCLAIM, CROSS-CLAIM & THIRD PARTY CLAIM OF
MARY E. PETIT AND FRANK PETIT, TRUSTEES OF 93A HILLSIDE STREET
NOMINEE TRUST**

1

ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT

PARTIES

Defendants, Mary E. Petit and Frank Petit, Trustees of 93A Hillside Street Nominee Trust, hereinafter referred to as "Defendants", hereby respond to Plaintiff's Complaint for Declaratory Judgment, hereinafter referred to as "the Complaint", in the above entitled cause as follows:

1. Defendants neither admit or deny the allegations contained in paragraph 1 of the Complaint and hereby call upon Plaintiff to prove same.

2. Defendants neither admit or deny the allegations contained in paragraph 2 of the Complaint and hereby call upon Plaintiff to prove same.

3. Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 3 of the Complaint and hereby call upon Plaintiff to prove same.

4. Defendants deny the allegations contained in paragraph 4 of the Complaint insofar as the 93A Hillside Street Nominee Trust is a Massachusetts nominee trust with two beneficiaries, both of which are located in the State of Florida. Defendants admit that they purchased the real property and building containing rental units located at 93A Hillside Street, Boston, Suffolk County, Massachusetts (the "Premises) in November, 2003.

5. Defendants admit all allegations contained in paragraph 5 of the Complaint.

2

6. Defendants neither admit or deny the allegations contained in paragraph 6 of the Complaint insofar as these allegations are directed to Co-Defendant, Dadgar Insurance Agency, Inc., ("Dadgar").

JURISDICTION AND VENUE

7. Defendants admit that the matter in controversy exceeds the sum of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs, but have insufficient knowledge to admit or deny the remaining allegations of paragraph 7 of the complaint and call upon Plaintiff to prove same.

8. Defendants admit the allegations contained in paragraph 8 of the Complaint.

THE APPLICATION FOR COVERAGE

9. Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 9 of the Complaint and call upon Plaintiff to prove same.

10. Defendants admit the allegations contained in paragraph 10 of the Complaint.

11. Defendants deny that Dadgar relied solely upon information provided by Mrs. Petit in completing the documents described as Exhibit 1 and Exhibit 2 in paragraph 11 of the Complaint. In particular, Mrs. Petit informed Dadgar that there were tenants of the Premises who were co-op students at Northeastern University, and Dadgar responded and represented to her that insofar as these were co-op students, they would not be considered full time students and they

3

should be designated as "working class" in the questionnaire referred to in this paragraph.

12. Defendants neither admit or deny the allegations contained in paragraph 12 of the Complaint insofar as they call for the interpretation or recitation of a document, the terms of which speak for themselves.

13. Defendants, in responding to the allegations contained in paragraph 13 of the Complaint, deny that Dadgar relied solely upon information provided by Mrs. Petit in completing the documents described as Exhibit 1 and Exhibit 2 in paragraph 11 of the Complaint. In particular, Mrs. Petit informed Dadgar that there were tenants of the Premises who were co-op students at Northeastern University, and Dadgar responded and represented to her that insofar as these were co-op students, they would not be considered full time students and they should be designated as "working class" in the document referred to in this paragraph.

14. Defendants neither admit or deny the allegations contained in paragraph 14 of the Complaint insofar as they call for the interpretation or recitation of a document, the terms of which speak for themselves.

15. Defendants admit the allegations contained in paragraph 15 of the Complaint.

16. Defendants, in responding to the allegations contained in paragraph 16 of the Complaint, deny that they did not discuss with Dadgar the need to make any changes to the Dwelling Questionnaire referred to in paragraph 16. Defendants admit that Mrs. Petit signed the documents attached to the

Complaint as Exhibit 3 and Exhibit 4 only after informing Dadgar that there were tenants of the Premises who were co-op students at Northeastern University, and only after Dadgar responded and represented to Mrs. Petit that insofar as these were co-op students, they would not be considered full time students and should be designated as "working class" in the document referred to in this paragraph.

17.  Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 17 of the Complaint and hereby call upon Plaintiff to prove same.

18.  Defendants deny each and every allegation contained in paragraph 18 of the Complaint.

19.  Defendants deny each and every allegation contained in paragraph 19 of the Complaint.

20.  Defendants respond to paragraph 20 of the Complaint by admitting that Plaintiff issued the Dwelling Fire Policy and coverage described in paragraph 20 of the Complaint, but deny that the issuance of coverage was validly or legally based upon the information contained in the Executed Form referred to in said paragraph.

<u>THE VERMONT MUTUAL POLICY</u>

21.  Defendants neither admit or deny the allegations contained in paragraph 21 of the Complaint insofar as they call for the interpretation or recitation of a document, the terms of which speak for themselves.

22.  Defendants admit the allegations contained in paragraph 22 of the Complaint.

## FACTS COMMON TO ALL CLAIMS

23.  Defendants admit the allegations contained in paragraph 23 of the Complaint.

24.  Defendants respond to the allegations contained in paragraph 24 by stating that the content of the "Form or the Executed Form, including but not limited to the Dwelling Questionnaire" speaks for itself and therefore neither admit or deny the allegations in this paragraph that relate to this issue. Defendants deny the remaining allegations of this paragraph insofar as Mrs. Petit informed Dadgar that there were tenants of the Premises who were co-op students at Northeastern University, and Dadgar responded and represented to her that insofar as these were co-op students, they would not be considered full time students and they should be designated as "working class" in the questionnaire referred to in this paragraph.

25.  Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 25 of the Complaint and hereby call upon Plaintiff to prove same.

26.  Defendants admit the allegations contained in paragraph 26 of the Complaint.

27.  Defendants deny the allegations contained in paragraph 27 of the Complaint.

28.  Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 28 of the Complaint and hereby call upon Plaintiff to prove same.

29.  Defendants admit the allegations contained in paragraph 29 of the Complaint.

30.  Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 30 of the Complaint and hereby call upon Plaintiff to prove same.

31.  Defendants admit that there were Northeastern University co-op students residing a the Premises, but deny all remaining allegations contained in paragraph 31 of the Complaint.

32.  Defendants admit the allegations contained in paragraph 32 of the Complaint.

33.  Defendants have insufficient knowledge of the facts alleged in paragraph 33 of the Complaint and hereby call upon Plaintiff to prove same.

34.  Defendants deny the allegations contained in paragraph 34 of the Complaint.

35.  Defendants admit the allegations contained in paragraph 35 of the Complaint.

36.  Defendants admit the allegations contained in paragraph 36 of the Complaint.

37.  Defendants neither admit or deny the allegations contained in paragraph 37 of the Complaint insofar as they call for the interpretation or recitation of a document, the terms of which speak for themselves.

38.  Defendants admit the allegations contained in paragraph 38 of the Complaint.

39.  Defendants admit the allegations contained in paragraph 39 of the Complaint.

40.  Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 40 of the Complaint and hereby call upon Plaintiff to prove same.

41.  Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 41 of the Complaint and hereby call upon Plaintiff to prove same.

### THE PARTIES' DISPUTE WITH RESPECT TO COVERAGE

42.  Defendants deny each and every allegation contained in paragraph 42 of the Complaint.

43.  Defendants deny each and every allegation contained in paragraph 43 of the Complaint.

44.  Defendants deny each and every allegation contained in paragraph 44 of the Complaint.

45.  Defendants neither admit or deny the allegations contained in paragraph 45 of the Complaint insofar as they call for the interpretation or recitation of documents, the terms of which speak for themselves.

46.   Defendants neither admit or deny the allegations contained in paragraph 46 of the Complaint insofar as they call for the interpretation or recitation of documents, the terms of which speak for themselves.

## COUNT I

47. Defendants repeat and reallege paragraphs 1 though 46, inclusive, of this answer and fully incorporate them herein by reference in response to paragraph 47 of the Complaint.

48. Defendants deny each and every allegation contained in paragraphs 48, 49 & 50 of the Complaint.

49. In response to paragraph 51 of the Complaint, Defendants deny that Plaintiff is entitled to judgment and further state that Defendants are entitled to judgment in their favor in this cause.

## COUNT II

50. Defendants repeat and reallege paragraphs 1 though 51, inclusive, of this answer and fully incorporate them herein by reference in response to paragraph 52 of the Complaint.

51. Defendants neither admit or deny the allegations contained in paragraphs 53, 54, and 55 of the Complaint insofar as they appear to be directed to a party other than Defendants.

52. Defendants admit the allegations contained in paragraphs 56, 57 & 58 of the Complaint.

53. Defendants neither admit or deny the allegations contained in paragraphs 59 and 60 of the Complaint insofar as they appear to be directed to a party other than Defendants.

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff is estopped by its conduct from recovering against Defendants.

## THIRD DEFENSE

Plaintiff cannot obtain equitable relief because Plaintiff has unclean hands.

## FOURTH DEFENSE

Plaintiff is barred from recovery by the doctrine of judicial estoppel.

## FIFTH DEFENSE

Defendants say that the alleged cause of action referred to in the Complaint did not accrue within the time provided by the applicable statute for the bringing of this action; wherefore the Defendants say that the Plaintiff is barred by the terms of the statute and the Defendant is not liable.

## SIXTH DEFENSE

Plaintiff engaged in wrongful conduct thereby precluding  the relief sought in the Complaint.

## SEVENTH DEFENSE

Plaintiff is barred from recovery by the doctrine of laches.

## EIGHTH DEFENSE

Plaintiff has waived any right to recover from Defendant.

## NINTH DEFENSE

Plaintiff has violated Massachusetts law thereby barring it from recovery in this cause.

## TENTH DEFENSE

Plaintiff's claims are barred by the Statute of Frauds.

## ELEVENTH DEFENSE

Plaintiff's claims are barred in whole or in part by the After Acquired Evidence Doctrine.

## TWELFTH DEFENSE

Plaintiff's claims are barred by the parole evidence rule.

## THIRTEENTH DEFENSE

Plaintiff is barred from recovery because it failed to provide to Defendants proper, timely notice as to any alleged breach of contract.

## FOURTEENTH DEFENSE

Plaintiff has waived any and all rights which it seeks to assert in the Complaint.

## FIFTEENTH DEFENSE

All or substantially all of the Plaintiff's claim is wholly insubstantial, frivolous and not advanced in good faith, and Defendants are therefore entitled to their reasonable counsel fees and other costs and expenses incurred in defending against such claims plus (1) interest on the unpaid portion of the monetary claim at issue in such claim, defense, setoff or counterclaim at one hundred and fifty per cent of the rate set by statute from the date when the claim was due pursuant to the substantive rules of law pertaining thereto until the claim is paid in full;  and (2) an amount representing the reasonable counsel fees,

11

costs and expenses of the Defendants in prosecuting their claims or in defending against the Plaintiff/Counterclaim Defendant's defenses, set offs or counterclaim which are wholly insubstantial, frivolous and not advanced in good faith.

WHEREFORE Defendants pray that this Court enter as a judgment in this action the following:

1. Plaintiff breached the terms of its insurance policy and contract with Defendants by failing to confirm coverage and remit payment in full for Plaintiff's insured losses.

2. Plaintiff's actions constitute unfair and/or deceptive acts or practices which violate M.G.L., Chapter 93A and, having failed to put forth any reasonable offer of settlement, Plaintiff is liable for treble damages and attorney fees.

3. Defendants are entitled to judgment in their favor against Plaintiff for the full amount of their insured losses, plus double or treble damages, attorneys fees and costs.

## **COUNTERCLAIM**

## PARTIES

1.  Counterclaim Plaintiffs are Mary E. Petit and Frank Petit, (Hereinafter referred to as "The Petit's), Trustees of the 93A Hillside Street Nominee Trust, a Massachusetts nominee trust with beneficiaries and trustees residing in the State of Florida.

2.  Counterclaim Defendant is Vermont Mutual Insurance Company, (hereinafter referred to as "Vermont Mutual"), a corporation duly organized pursuant to the laws of the State of Vermont and authorized to due business as an insurance company in the Commonwealth of Massachusetts.

## FACTUAL BACKGROUND

3.  On or about November 4, 2003, Vermont Mutual, through its authorized agent doing business as Dadgar Insurance Agency, Inc., (hereinafter referred to as "Dadgar") undertook to provide insurance services and coverage to the Petit's. In particular, Vermont Mutual, through Dadgar,  assisted them in obtaining insurance coverage in the form of a Dwelling Fire Policy (policy number DF1 3-04-07-19, for  their rental income property located at 93A Hillside Street, Boston, Massachusetts.

4.  As part of the services provided to the Petit's, Vermont Mutual through its authorized agent assisted and advised them in conjunction with the

completion of a Vermont Mutual Group Automated Dwelling Fire Application and Vermont Mutual Group Dwelling Questionnaire.

5. During the course of completing the Vermont Mutual Group Dwelling Questionnaire, (hereinafter referred to as "questionnaire") a copy of which is attached to the Complaint as Exhibit "2", Mary E. Petit informed Dadgar that one or more of the tenants currently residing in the rental property located at 93A Hillside Street, were students at Northeastern University.  She provided this information in conjunction with item number 13 in the questionnaire.

6. On one occasion, Mary E. Petit placed a telephone call to Dadgar after she received from Dadgar a copy of the questionnaire which Dadgar had completed on her behalf and advised Dadgar that one or more of the tenants in the rental property located at 93A Hillside Street were students attending Northeastern University.  During the course of that conversation Dadgar advised her that insofar as those students were part of the co-op work program, they should be classified as "working class".

7. In reasonable reliance upon Dadgar's advice, Mary E. Petit proceeded to sign and authorize the submission of the questionnaire to the Vermont Mutual.

8. Mary E. Petit renewed her Dwelling Fire Policy through Dadgar in October, 2004 and October, 2005.

9. On or about March 4, 2006, the rental real estate property located at 93A Hillside Street, Boston, MA was severely damaged by fire.

10.  On or during April, 2006 the Petit's presented timely notice and a proof of loss for unpaid rents to Vermont Mutual concerning the March 4, 2006 fire loss.

11.  On or about May 5, 2006, Vermont Mutual, through its authorized agent or representative, Steven A. Chandler, General Adjuster-AIC, USA Claims, forwarded written notice formally rejecting the proof of loss submitted by or on behalf of the Petit's.  That notice also stated that Vermont Mutual was neither accepting nor denying coverage at that time, but was continuing its investigation under a full reservation of rights until such time as coverage issues are determined.  That notice failed to specify any reason or grounds upon which Vermont Mutual was proceeding under a reservation of rights with regard to this claim.  A copy of the May 5, 2006 notice is attached hereto as Exhibit "A".

12.  Vermont Mutual has to date failed or refused to confirm or deny coverage for the March 4, 2006 loss, nor has it remitted any payment in accordance with or in response to the proof of loss submitted during April, 2006.

13.  On May 16, 2006 a preliminary building claim and floor plan of the dwelling was submitted on behalf of the Petit's concerning the March 4, 2006 loss. That preliminary building claim indicated a total property damage loss in the amount of $513,315.33.

14.  Vermont Mutual has to date failed or refused to remit payment for the building claim submitted on May 16, 2006.  Furthermore, Vermont Mutual has failed to provide notice as to any valid reason or basis for refusing to provide payment for this loss.

15

15.   Vermont Mutual did request that Mary E. Petit and Frank Petit travel from their residence in Florida and submit to examinations under oath in Massachusetts with regard to the claim arising out of the March 4, 2006 fire loss. Mary E. Petit and Frank Petit complied with that request. During the course of her examination under oath on May 24, 2006, Mary E. Petit was asked about and testified as to her conversations with Dadgar concerning the questionnaire. In particular, she testified that she did inform Dadgar at the time she first received the completed questionnaire that one or more of the tenants residing at 93A Hillside Street were students attending Northeastern University.

16.   On or about May 31, 2006, Vermont Mutual, through its attorney Peter C. Kober, forwarded a letter which stated in part, "I wanted to advise you that, subsequent to my taking the EUOs of Mr. and Mrs. Petit, I spoke with Anowsh Dadgar of Dadgar Insurance Agency, Inc. In that discussion with me, Mr. Dadgar categorically denied that Mrs. Petit had disclosed to him that any students were renting any of the units in the insured property and further denied any discussion relating to whether Northeastern University coop students qualified as 'working class' tenants as opposed to "students". Dadgar also stated that, during the course of the telephone conversation during which he read to her the questions on the 'Dwelling Questionnaire', he read to her the parenthetical portion of Question No. 13, i.e., '(Student occupancy is not acceptable)'.

17.   Upon information and belief Vermont Mutual is refusing to remit payment because of the existence of Northeastern University Co-Op Students as tenants in the subject real estate.

16

18.  Vermont Mutual has no valid legal basis for refusing to remit payment for the Petit's insurance claim for property damage, reimbursement for expenses and lost rental income.

## COUNT I: BREACH OF CONTRACT

19.  The Petit's restate and reallege each and every allegation contained in paragraphs 1 through 18, inclusive, of this Counterclaim and fully incorporate them herein by reference.

20.  On June 4, 2006, the Petit's, through their attorney, forwarded written notice to Vermont Mutual, through its attorney, Peter Kober, wherein they demanded full payment for this claim.  A copy of this written notice is attached hereto as Exhibit "B".

21.  On June 6, 2004, Vermont Mutual's attorney, Peter Kober responded to the June 4, 2006 letter in writing.  In particular, Attorney Kober stated: "I have communicated to Vermont Mutual the contents of your June 4, 2006 letter. Once I have had the opportunity to discuss the letter, I will advise you accordingly.

22.  On July 6, 2006, not having received any further response to their June 4, 2006 demand for payment of this claim, the Petit's, through their attorney, placed a telephone call and left a voice mail message to Attorney Kober asking that Vermont Mutual notify them as to the status of the payment of this claim.

23.  On July 10, 2006, still hot having received any response to their June 4, 2006 demand for payment of this claim, and not having received any response

17

to their July 6, 2006 voice mail message, the Petit's, through their attorney,

forwarded via facsimile and first class mail, another written notice again

demanding payment for this claim forthwith. A copy of this letter is attached

hereto as Exhibit "C".

24.  Vermont Mutual's failure to remit payment in a timely manner for lost

rental income, property damage and out of pocket expenses constitutes a breach

of the provisions of the applicable dwelling fire insurance policy.

25.  Vermont Mutual's failure to remit payment in a timely manner for lost

rental income, property damage and out of pocket expenses constitutes a breach

of its contract with the Petit's.

WHEREFORE, the Petit's demand judgment against Vermont Mutual as

follows:

I.     Five Hundred Thirteen Thousand Three Hundred Fifteen and
       33/100 ($513,315.33) Dollars, the amount of the proof of claim
       submitted arising out of the March 4, 2006 fire loss;

II.    Loss of rental income from tenants of 93A Hillside Street.

III.   Travel expenses in excess of Two Thousand Seven Hundred Fifty
       Five and 86/100 ($2,755.86) Dollars concerning Mary E. Petit's and
       Frank Petit's appearance in Boston, Massachusetts to give
       statements under oath.

IV.    Whatever further relief this Court deems fair and just.

## COUNT II: CHAPTER 93A

26.  The Petit's restate and reallege each and every allegation contained in paragraphs 1 through 25 inclusive of this Counterclaim and fully incorporate them herein by reference.

27.  Vermont Mutual's failure to timely affirm coverage with regard to the March 3, 2006 fire loss, constitutes an unfair claims settlement practice pursuant to G.L., Chapter 176D §3.

28.  Vermont Mutual's failure to timely affirm coverage with regard to the March 3, 2006 fire loss, constitutes an unfair and/or deceptive act or practice pursuant to G.L., Chapter 93A.

29.  Vermont Mutual's failure to remit payment in a timely manner for lost rental income, property damage and travel expenses for attending the examinations under oath with regard to the March 3, 2006 fire loss constitute unfair claims settlement practices pursuant to G.L., Chapter 176D §3.

30.  Vermont Mutual's failure to remit payment in a timely manner for lost rental income, property damage and travel expenses for attending the examinations under oath with regard to the March 3, 2006 fire loss constitute unfair and/or deceptive acts or practices pursuant to G.L., Chapter 93A.

31.  Vermont Mutual's failure to reasonably and timely acknowledge attempts to communicate concerning the claim arising out of the March 3, 2006 fire loss constitutes an unfair claims settlement practice pursuant to G.L., Chapter 176D §3.

19

32.  Vermont Mutual's failure to reasonably and timely acknowledge attempts to communicate concerning the claim arising out of the March 3, 2006 fire loss constitutes unfair and/or deceptive acts or practices pursuant to G.L., Chapter 93A.

33.  On July 21, 2006 the Petit's duly served upon Vermont Mutual a demand pursuant to M.G.L., Chapter 93A, Section 9, via certified mail, return receipt requested, postage prepaid, but, more than thirty days having passed, Vermont Mutual has failed to put forth a reasonable offer of settlement in timely response to said demand. A copy of the July 21, 2006 demand pursuant to M.G.L., Chapter 93A is attached hereto as Exhibit "D".

34.  In fact, Vermont Mutual also failed to respond to the July 21, 2006 demand pursuant to M.G.L., Chapter 93A, Section 9 within thirty days of its service.

35.  Vermont Mutual's failure to respond to the July 21, 2006 demand pursuant to M.G.L. Chapter 93A also constitutes a violation by Vermont Mutual of G.L., Chapter 93A, Section 2 and/or 9.

As a direct and proximate result of the unfair and/or deceptive acts or practices of Vermont Mutual, its agents, servants or employees described above, the Petit's have suffered the following injuries:

I.      Five Hundred Thirteen Thousand Three Hundred Fifteen and 33/100 ($513,315.33) Dollars, the amount of the proof of claim submitted arising out of the March 4, 2006 fire loss;

II.     Loss of rental income from tenants of 93A Hillside Street.

21

III.    Travel expenses in excess of Two Thousand Seven Hundred Fifty Five and 86/100 ($2,755.86) Dollars concerning Mary E. Petit's and Frank Petit's appearance in Boston, Massachusetts to give statements under oath.

**WHEREFORE**, the Petit's demand:

1.    That it be established that Vermont Mutual has engaged in unfair and deceptive acts or practices in violation of G.L. c. 93A, section 2 and regulations promulgated thereunder, and further that Vermont Mutual is liable to the Petit's as follows:

   a.    for the aforementioned damages;

   b.    for double or treble the amount of actual damages due to Vermont Mutual's bad faith willful violation of Chapter 93A;

   c.    for attorneys fees and costs;

2.  Such other and further relief as the Court deems just and proper.


**COUNTERCLAIM PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES CONTAINED HEREIN.**

22

## **CROSS-CLAIMS**

## PARTIES

1.  Cross-Claim Plaintiffs are Mary E. Petit and Frank Petit, (hereinafter referred to as "The Petit's), Trustees of the 93A Hillside Street Nominee Trust, a Massachusetts nominee trust with beneficiaries and trustees residing in the State of Florida.

2.  Cross-Claim Defendant, Dadgar Insurance Agency, Inc., (hereinafter referred to as Dadgar Insurance), is a Massachusetts Corporation with a place of business located in Woburn, Middlesex County, Massachusetts, with a registered agent, Anowshirvan Dadgar, located at 400 West Cummings Park, Suite 6725.

## FACTUAL BACKGROUND

3.  On or about November 4, 2003, Dadgar Insurance undertook to provide insurance services and coverage to the Petit's.  In particular, Dadgar Insurance assisted them in obtaining insurance coverage in the form of a Dwelling Fire Policy (policy number DF1 3-04-07-19, issued by Vermont Mutual for  the Petit's rental income property located at 93A Hillside Street, Boston, Massachusetts.

4.  As part of the services provided to the Petit's, Dadgar Insurance, as an authorized agent of Vermont Mutual, assisted and advised them in conjunction with the completion of a Vermont Mutual Group Automated Dwelling Fire Application and Vermont Mutual Group Dwelling Questionnaire.

5.  During the course of completing the Vermont Mutual Group Dwelling Questionnaire, (hereinafter referred to as "questionnaire") a copy of which is

23

attached to the Complaint as Exhibit "2", Mary E. Petit informed Anowshirvan Dadgar who was at all times material hereto an office and principal of Dadgar Insurance (Hereinafter referred to as Mr. Dadgar),  that one or more of the tenants currently residing in the rental property located at 93A Hillside Street, were students at Northeastern University.  She provided this information in conjunction with item number 13 in the questionnaire.

6.  On one occasion, Mary E. Petit placed a telephone call to Mr. Dadgar after she received from Dadgar Insurance a copy of the questionnaire which Mr. Dadgar had completed on her behalf and advised Mr. Dadgar that one or more of the tenants in the rental property located at 93A Hillside Street were students attending Northeastern University.  During the course of that conversation Mr. Dadgar advised her that insofar as those students were part of the co-op work program, they should be classified as "working class".

7.  In reasonable reliance upon Mr. Dadgar's advice, Mary E. Petit proceeded to sign and authorize the submission of the questionnaire to the Vermont Mutual.

8.  Mary E. Petit renewed her Dwelling Fire Policy through Dadgar Insurance in October, 2004 and October, 2005.

9.  On or about March 4, 2006, the rental real estate property located at 93A Hillside Street, Boston, MA was severely damaged by fire.

10.  On or during April, 2006 the Petit's presented timely notice and a proof of loss for unpaid rents to Vermont Mutual concerning the March 4, 2006 fire loss.

24

11.  On or about May 5, 2006, Vermont Mutual, through its authorized agent or representative, Steven A. Chandler, General Adjuster-AIC, USA Claims, forwarded written notice formally rejecting the proof of loss submitted by or on behalf of the Petit's.  That notice also stated that Vermont Mutual was neither accepting nor denying coverage at that time, but was continuing its investigation under a full reservation of rights until such time as coverage issues are determined.  That notice failed to specify any reason or grounds upon which Vermont Mutual was proceeding under a reservation of rights with regard to this claim.  A copy of the May 5, 2006 notice is attached hereto as Exhibit "A".

12.  Vermont Mutual has to date failed or refused to confirm or deny coverage for the March 4, 2006 loss, nor has it remitted any payment in accordance with or in response to the proof of loss submitted during April, 2006.

13.  On May 16, 2006 a preliminary building claim and floor plan of the dwelling was submitted on behalf of the Petit's concerning the March 4, 2006 loss. That preliminary building claim indicated a total property damage loss in the amount of $513,315.33.

14.  Vermont Mutual has to date failed or refused to remit payment for the building claim submitted on May 16, 2006.

15.  Vermont Mutual did request that Mary E. Petit and Frank Petit travel from their residence in Florida and submit to examinations under oath in Massachusetts with regard to the claim arising out of the March 4, 2006 fire loss. Mary E. Petit and Frank Petit complied with that request. During the course of her examination under oath on May 24, 2006, Mary E. Petit was asked about and testified as to her conversations with Dadgar Insurance and/or Mr. Dadgar

25

concerning the questionnaire. In particular, she testified that she did inform Mr. Dadgar at the time she first received the completed questionnaire that one or more of the tenants residing at 93A Hillside Street were students attending Northeastern University.

16.  On or about May 31, 2006, Vermont Mutual, through its attorney Peter C. Kober, forwarded a letter which stated in part, "I wanted to advise you that, subsequent to my taking the EUOs of Mr. and Mrs. Petit, I spoke with Anowsh Dadgar of Dadgar Insurance Agency, Inc. In that discussion with me, Mr. Dadgar categorically denied that Mrs. Petit had disclosed to him that any students were renting any of the units in the insured property and further denied any discussion relating to whether Northeastern University coop students qualified as 'working class' tenants as opposed to "students". Dadgar also stated that, during the course of the telephone conversation during which he read to her the questions on the 'Dwelling Questionnaire', he read to her the parenthetical portion of Question No. 13, i.e., '(Student occupancy is not acceptable)'".

17.  Upon information and belief Vermont Mutual is refusing to remit payment because of the existence of Northeastern University Co-Op Students as tenants in the subject real estate.

### COUNT I: NEGLIGENCE VS. DADGAR INSURANCE AGENCY, INC.

18.  The Petit's restate and reallege each and every allegation contained in paragraph 1 through 17, inclusive, of this Cross-Claim and fully incorporate same herein by reference.

26

19.  Dadgar Insurance owed the Petit's a duty of due care in advising them and assisting them in completing the Vermont Mutual Group Dwelling Questionnaire referred to herein.

20.  Dadgar Insurance breached  its duty of due care to the Petit's in advising them and assisting them in completing the Vermont Mutual Group Dwelling Questionnaire. In particular, Dadgar Insurance, through its agent, servant or employee, Mr. Dadgar, negligently and carelessly advised the Petit's that the Northeastern University Co-Op Students should be classified as "working class" in that questionnaire.

21.  As a direct and proximate result of Dadgar Insurance's negligence and carelessness, the Petit's have suffered great loss insofar as Vermont Mutual has refused to pay for their fire loss claim.

WHEREFORE, the Petit's demand judgment against Dadgar Insurance as follows:

I.      Five Hundred Thirteen Thousand Three Hundred Fifteen and 33/100 ($513,315.33) Dollars, the amount of the proof of claim submitted arising out of the March 4, 2006 fire loss;

II.     Loss of rental income from tenants of 93A Hillside Street.

III.    Travel expenses in excess of Two Thousand Seven Hundred Fifty Five and 86/100 ($2,755.86) Dollars concerning Mary E. Petit's and Frank Petit's appearance in Boston, Massachusetts to give statements under oath.

IV.    Whatever further relief this Court deems fair and just.

COUNT II: CHAPTER 93A AGAINST DADGAR INSURANCE AGENCY, INC.

22.  The Petit's restate and reallege each and every allegation contained in paragraphs 1 through 21 inclusive of this Crossclaim and fully incorporate them herein by reference.

23.  The representations of Dadgar Insurance, through its agent, servant or employee, Mr. Dadgar, as quoted in Attorney Kober's May 31, 2006 which is referred to in paragraph 16 herein constitute false and inaccurate statements as to the content of the disclosures which Mary E. Petit provided to Dadgar Insurance during the insurance application and questionnaire process and therefore constitute one or more unfair and/or deceptive act or practice pursuant to G.L., Chapter 93A.

24.  The representations of Dadgar Insurance, through its agent, servant or employee, Mr. Dadgar, which were made to Mary E. Petit on November 4, 2003 contained inaccurate and misleading information concerning the completion and submission of the insurance questionnaire, in particular, that the tenants in the rental property located at 93A Hillside Street, Boston, MA could be classified as "working class" insofar as they were co-op students attending Northeastern University notwithstanding the fact that Mr. Dadgar knew or should have known that such a designation of these tenants would not be acceptable to Vermont Mutual. The making of these inaccurate and misleading statements constitute one or more unfair and/or deceptive act or practice pursuant to G.L., Chapter 93A.

25.  On June 14, 2006 the Petit's duly served upon Dadgar Insurance a demand pursuant to M.G.L., Chapter 93A, Section 9, via certified mail, return

28

receipt requested, postage prepaid, but, more than thirty days having passed,

Dadgar Insurance has failed to put forth a reasonable offer of settlement in timely

response to said demand. A copy of the June 14, 2006 demand pursuant to

M.G.L., Chapter 93A is attached hereto as Exhibit "E".

As a direct and proximate result of the unfair and/or deceptive acts or

practices of Dadgar Insurance, its agents, servants or employees described

above, the Petit's have suffered the following injuries:

I.     Five Hundred Thirteen Thousand Three Hundred Fifteen and
       33/100 ($513,315.33) Dollars, the amount of the proof of claim
       submitted arising out of the March 4, 2006 fire loss;

II.    Loss of rental income from tenants of 93A Hillside Street.

III.   Travel expenses in excess of Two Thousand Seven Hundred Fifty
       Five and 86/100 ($2,755.86) Dollars concerning Mary E. Petit's and
       Frank Petit's appearance in Boston, Massachusetts to give
       statements under oath.

**WHEREFORE**, the Petit's demand:

1.     That it be established that Dadgar Insurance has engaged in unfair
       and deceptive acts or practices in violation of G.L. c. 93A, section 2
       and regulations promulgated thereunder, and further that Dadgar
       Insurance is liable to the Petit's as follows:

   a.   for the aforementioned damages;

   b.   for double or treble the amount of actual damages due to Dadgar
        Insurance's bad faith willful violation of Chapter 93A;

   c.   for attorneys fees and costs;

2.  Such other and further relief as the Court deems just and proper.

**CROSSCLAIM PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES
CONTAINED HEREIN.**

## THIRD PARTY CLAIM

## PARTIES

1.  Third Party Plaintiffs are Mary E. Petit and Frank Petit, (hereinafter referred to as "The Petit's), Trustees of the 93A Hillside Street Nominee Trust, a Massachusetts nominee trust with beneficiaries and trustees residing in the State of Florida.

2.  Third Party Defendant, Anowshirvan Dadgar, (herinafter referred to as Mr. Dadgar), is an individual who at all times material hereto was an officer and principal of Dadgar Insurance Agency, Inc., and resides at 30 Battle Green Road, Lexington, Middlesex County, Massachusetts.

## FACTUAL BACKGROUND

3.  On or about November 4, 2003, Dadgar Insurance undertook to provide insurance services and coverage to the Petit's.  In particular, Dadgar Insurance assisted them in obtaining insurance coverage in the form of a Dwelling Fire Policy (policy number DF1 3-04-07-19, issued by Vermont Mutual for  the Petit's rental income property located at 93A Hillside Street, Boston, Massachusetts.

4.  As part of the services provided to the Petit's, Dadgar Insurance, as an authorized agent of Vermont Mutual, assisted and advised them in conjunction with the completion of a Vermont Mutual Group Automated Dwelling Fire Application and Vermont Mutual Group Dwelling Questionnaire.

30

5.  During the course of completing the Vermont Mutual Group Dwelling Questionnaire, (hereinafter referred to as "questionnaire") a copy of which is attached to the Complaint as Exhibit "2", Mary E. Petit informed Mr. Dadgar that one or more of the tenants currently residing in the rental property located at 93A Hillside Street, were students at Northeastern University.  She provided this information in conjunction with item number 13 in the questionnaire.

6.  On one occasion, Mary E. Petit placed a telephone call to Mr. Dadgar after she received from Dadgar Insurance a copy of the questionnaire which Mr. Dadgar had completed on her behalf and advised Mr. Dadgar that one or more of the tenants in the rental property located at 93A Hillside Street were students attending Northeastern University.  During the course of that conversation Mr. Dadgar advised her that insofar as those students were part of the co-op work program, they should be classified as "working class".

7.  In reasonable reliance upon Mr. Dadgar's advice, Mary E. Petit proceeded to sign and authorize the submission of the questionnaire to the Vermont Mutual.

8.  Mary E. Petit renewed her Dwelling Fire Policy through Dadgar Insurance in October, 2004 and October, 2005.

9.  On or about March 4, 2006, the rental real estate property located at 93A Hillside Street, Boston, MA was severely damaged by fire.

10.  On or during April, 2006 the Petit's presented timely notice and a proof of loss for unpaid rents to Vermont Mutual concerning the March 4, 2006 fire loss.

31

11.  On or about May 5, 2006, Vermont Mutual, through its authorized agent or representative, Steven A. Chandler, General Adjuster-AIC, USA Claims, forwarded written notice formally rejecting the proof of loss submitted by or on behalf of the Petit's.  That notice also stated that Vermont Mutual was neither accepting nor denying coverage at that time, but was continuing its investigation under a full reservation of rights until such time as coverage issues are determined.  That notice failed to specify any reason or grounds upon which Vermont Mutual was proceeding under a reservation of rights with regard to this claim.  A copy of the May 5, 2006 notice is attached hereto as Exhibit "A".

12.  Vermont Mutual has to date failed or refused to confirm or deny coverage for the March 4, 2006 loss, nor has it remitted any payment in accordance with or in response to the proof of loss submitted during April, 2006.

13.  On May 16, 2006 a preliminary building claim and floor plan of the dwelling was submitted on behalf of the Petit's concerning the March 4, 2006 loss. That preliminary building claim indicated a total property damage loss in the amount of $513,315.33.

14.  Vermont Mutual has to date failed or refused to remit payment for the building claim submitted on May 16, 2006.

15.  Vermont Mutual did request that Mary E. Petit and Frank Petit travel from their residence in Florida and submit to examinations under oath in Massachusetts with regard to the claim arising out of the March 4, 2006 fire loss. Mary E. Petit and Frank Petit complied with that request. During the course of her

32

examination under oath on May 24, 2006, Mary E. Petit was asked about and testified as to her conversations with Dadgar Insurance and/or Mr. Dadgar concerning the questionnaire. In particular, she testified that she did inform Mr. Dadgar at the time she first received the completed questionnaire that one or more of the tenants residing at 93A Hillside Street were students attending Northeastern University.

16.  On or about May 31, 2006, Vermont Mutual, through its attorney Peter C. Kober, forwarded a letter which stated in part, "I wanted to advise you that, subsequent to my taking the EUOs of Mr. and Mrs. Petit, I spoke with Anowsh Dadgar of Dadgar Insurance Agency, Inc. In that discussion with me, Mr. Dadgar categorically denied that Mrs. Petit had disclosed to him that any students were renting any of the units in the insured property and further denied any discussion relating to whether Northeastern University coop students qualified as 'working class' tenants as opposed to "students". Dadgar also stated that, during the course of the telephone conversation during which he read to her the questions on the 'Dwelling Questionnaire', he read to her the parenthetical portion of Question No. 13, i.e., '(Student occupancy is not acceptable)'".

17.  Upon information and belief Vermont Mutual is refusing to remit payment because of the existence of Northeastern University Co-Op Students as tenants in the subject real estate.

33

## COUNT I: CHAPTER 93A AGAINST ANOWSHIRVAN DADGAR

18.  The Petit's restate and reallege each and every allegation contained in paragraphs 1 through 17 inclusive of this Third Party Claim and fully incorporate them herein by reference.

19.  At all times material hereto, The Petit's directed all notices and communications to and engaged in virtually all conversations concerning the insurance coverage application and procurement process described in this Counterclaim with Mr. Dadgar.

20.  The representations of Mr. Dadgar, as quoted in Attorney Kober's May 31, 2006 which is referred to in paragraph 16 herein constitute false and inaccurate statements as to the content of the disclosures which Mary E. Petit provided to Dadgar Insurance during the insurance application and questionnaire process and therefore constitute one or more unfair and/or deceptive act or practice pursuant to G.L., Chapter 93A.

21.  The representations of Mr. Dadgar, which were made to Mary E. Petit on November 4, 2003 contained inaccurate and misleading information concerning the completion and submission of the insurance questionnaire, in particular, that the tenants in the rental property located at 93A Hillside Street, Boston, MA could be classified as "working class" insofar as they were co-op students attending Northeastern University notwithstanding the fact that Mr. Dadgar knew or should have known that such a designation of these tenants would not be acceptable to Vermont Mutual. The making of these inaccurate and

34

misleading statements constitute one or more unfair and/or deceptive act or practice pursuant to G.L., Chapter 93A.

22.  On June 14, 2006 the Petit's duly served upon Mr. Dadgar a demand pursuant to M.G.L., Chapter 93A, Section 9, via certified mail, return receipt requested, postage prepaid, but, more than thirty days having passed, Mr. Dadgar has failed to put forth a reasonable offer of settlement in timely response to said demand. A copy of the June 14, 2006 demand pursuant to M.G.L., Chapter 93A is attached hereto as Exhibit "E".

As a direct and proximate result of the unfair and/or deceptive acts or practices of Mr. Dadgar described above, the Petit's have suffered the following injuries:

I.      Five Hundred Thirteen Thousand Three Hundred Fifteen and 33/100 ($513,315.33) Dollars, the amount of the proof of claim submitted arising out of the March 4, 2006 fire loss;

II.     Loss of rental income from tenants of 93A Hillside Street.

III.    Travel expenses in excess of Two Thousand Seven Hundred Fifty Five and 86/100 ($2,755.86) Dollars concerning Mary E. Petit's and Frank Petit's appearance in Boston, Massachusetts to give statements under oath.

**WHEREFORE**, the Petit's demand:

1.      That it be established that Mr. Dadgar has engaged in unfair and deceptive acts or practices in violation of G.L. c. 93A, section 2 and regulations promulgated thereunder, and further that Mr. Dadgar is liable to the Petit's as follows:

a.   for the aforementioned damages;

b.   for double or treble the amount of actual damages due to Mr. Dadgar's bad faith willful violation of Chapter 93A;

c.   for attorneys fees and costs;

35

2.  Such other and further relief as the Court deems just and proper.


**THIRD PARTY PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES CONTAINED HEREIN.**

Defendants, Counterclaim Plaintiffs,
Crossclaim Plaintiffs and
Third Party Claim Plaintiffs,
Mary E. Petit and Frank Petit,

By their attorney,



s/JOHN F. ROSSI
18 Tremont Street
Suite 900
Boston, MA 02108
(617)742-5400
B.B.O. #430450