# JOHN F. ROSSI

ATTORNEY AT LAW
18 TREMONT STREET
SUITE 900
BOSTON, MASSACHUSETTS 02108

TELEPHONE
(617) 742-5400

FACSIMILE
(617) 742-0003

July 10, 2006
**VIA FACSIMILE & FIRST CLASS MAIL**

Peter C. Kober, Esq.
Litchfield Cavo, LLP
6 Kimball Lane
Suite 100
Lynnfield, MA 01940

**RE:   MARY E. PETIT & FRANK PETIT**
**AND:  VERMONT MUTUAL INSURANCE COMPANY**

Dear Mr. Kober:

In response to your recent request, and pursuant to our recent telephone conversation, this letter will confirm that I have made inquiry with Ms. Petit regarding any contemporaneous notes she may have concerning her discussions with Mr. Dadgar regarding the insurance questionnaire and, in particular, the issue of student vs. working class tenants.  Ms. Petit has advised me that she has no contemporaneous notes concerning this issue.  She did, however, transmit an email to her privately retained adjuster, Brian Holtzman, on April 13, 2006 which in part contained the following:

> **"I vividly recall the conversation I had with the Dadgar Agency on this. They asked if the students worked. I said yes. They were Northeastern U. I hope this is not going to affect the insurance. I assumed the agent knew what he was doing. The agent is the owner of Dadgar Insurance."**

Ms. Petit informs me her email was forwarded in response to two questions posed by the insurance adjuster handling this on behalf of Vermont Mutual:

> **"When did you purchase the property? And how long have you been renting to college students?"**

Also, pursuant to the voice mail message I left with you on July 6, 2006, please contact me at once to notify me as to the status of the payment of this claim.  As you are aware, it has been in excess of thirty days since my previous letter to you dated June 4, 2006 wherein I demanded payment on their behalf for the travel and lodging expenses incurred as a result of Vermont Mutual's request that they appear in

## JOHN F. ROSSI
ATTORNEY AT LAW

Peter C. Kober, Esq., Letter
July 10, 2006
Page Two

Massachusetts for Examinations Under Oath, as well as for the full payment of their claim pursuant to the proof of loss and property damage lost estimate both of which were previously forwarded to Vermont Mutual on my clients' behalf.

It has been in excess of 60 days since the proof of loss was presented in this matter. Furthermore, it is now only 6 days short of 60 days since the preliminary building claim was presented. Still furthermore, it has been in excess of 45 days since the May 24, 2006 Examinations Under Oath. As you are aware, my clients continue to suffer great financial loss in the form of lost income, property damage and other consequential damages. Vermont Mutual's continued and unexplained failure to make payment in this matter will leave us no choice than to consider further legal action in order to enforce my clients' rights in this regard. I therefore again demand payment forthwith in this matter and further request your response to all issues contained in this letter on or before Friday, July 14, 2006.

Thank you for your anticipated courtesy and consideration.

Very truly yours,

JOHN F. ROSSI

JFR/ejf
2006.006
cc: Mary E. & Frank Petit (via first class mail)