**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. David DeLuca, Vice President
Vermont Mutual Insurance Company
89 State Street
P.O. Box 188
Montpelier, VT 05602

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Carrier_   ☑ Agent
              ☐ Addressee

B. Received by ( Printed Name)   C. Date of Delivery

_Carrier_                          4/24

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☐ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

7005 0390 0006 3991 6899

2. Article Number
   (Transfer from service label)   7005 0390 0006 3991 6899

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540

## U.S. Postal Service...
## CERTIFIED MAIL.. RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com..

### OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

**CERTIFIED MAIL**

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

7005 0390 0006 3991 689

Sent To DAVID DOLUCA , VICE PRESIDENT

VERMONT MUTUAL INSURANCE COMPANY

Street, Apt. No.; or PO Box No. 89 STATE STREET
P.O. BOX 188

City, State, ZIP+4 MONT PELIER, VT    05602

PS Form 3800  June 2002                    See Reverse for Instructions

# JOHN F. ROSSI

### ATTORNEY AT LAW
### 18 TREMONT STREET
### SUITE 900
### BOSTON, MASSACHUSETTS 02108

TELEPHONE
(617) 742-5400

FACSIMILE
(617) 742-0003

July 21, 2006

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

David DeLuca, Vice President
Vermont Mutual Insurance Company
89 State Street
P.O. Box 188
Montpelier, VT 05602

### DEMAND PURSUANT TO M.G.L., CHAPTER 93A, §9

**RE:    MARY E. PETIT & FRANK PETIT, INDIVIDUALLY
          AND AS TRUSTEES OF 93A HILLSIDE ST.
          NOMINEE TRUST**
**VS:    VERMONT MUTUAL INSURANCE COMPANY,
          DADGAR INSURANCE AGENCY, INC.**
**AND: ANOWSHIRVAN DADGAR**

Dear Mr. DeLuca:

This letter constitutes demand made on behalf of my clients, Mary E. Petit and Frank Petit, and/or 93A Hillside Street Nominee Trust based upon the following unfair and/or deceptive acts or practices which constitute violations of Chapter 93A, §9 of the Massachusetts General Laws:

1. On or about November 4, 2003, Vermont Mutual Insurance Company, hereinafter referred to as "Vermont Mutual", through its authorized agent doing business as Dadgar Insurance Agency, Inc., hereinafter referred to as "Dadgar" undertook to provide insurance services and coverage to Mary E. Petit and Frank Petit and/or 93A Hillside Street Nominee Trust. In particular, Vermont Mutual, through Dadgar, assisted them in obtaining insurance coverage in the form of a Dwelling Fire Policy (policy number DF1 3-04-07-19, for their rental income property located at 93A Hillside Street, Boston, Massachusetts.

2. As part of the services provided to Mary E. Petite and Frank Petit and/or 93A Hillside Street Nominee Trust, Vermont Mutual through its authorized agent assisted and advised them in conjunction with the completion of a Vermont Mutual Group

# JOHN F. ROSSI
ATTORNEY AT LAW

**David DeLuca, Vice President Letter**
**July 21, 2006**
**Page Two**

Automated Dwelling Fire Application and Vermont Mutual Group Dwelling Questionnaire.

3. During the course of completing the Vermont Mutual Group Dwelling Questionnaire, (hereinafter referred to as "questionnaire") a copy of which is attached to this letter as Exhibit "A", Mary E. Petit informed Dadgar that one or more of the tenants currently residing in the rental property located at 93A Hillside Street, were students at Northeastern University. She provided this information in conjunction with item number 13 in the questionnaire.

4. On one occasion, Mary E. Petit placed a telephone call to Dadgar after she received from Dadgar a copy of the questionnaire which Dadgar had completed on her behalf and advised Dadgar that one or more of the tenants in the rental property located at 93A Hillside Street were students attending Northeastern University. During the course of that conversation Dadgar advised her that insofar as those students were part of the co-op work program, they should be classified as "working class".

5. In reasonable reliance upon Dadgar's advice, Mary E. Petit proceeded to sign and authorize the submission of the questionnaire to the Vermont Mutual Insurance Company.

6. Mary E. Petit renewed her Dwelling Fire Policy through Dadgar in October, 2004 and October, 2005.

7. On or about March 4, 2006, the rental real estate property located at 93A Hillside Street, Boston, MA was severely damaged by fire.

8. On or during April, 2006 Mary E. Petit, Frank Petit and/or the 93A Hillside Street Nominee Trust presented timely notice and a proof of loss for unpaid rents to Vermont Mutual concerning the March 4, 2006 fire loss.

9. On or about May 5, 2006, Vermont Mutual, through its authorized agent or representative, Steven A. Chandler, General Adjuster-AIC, USA Claims, forwarded written notice formally rejecting the proof of loss submitted by or on behalf of Mary E. Petit, Frank Petit and/or the 93A Hillside Street Nominee Trust. That notice also stated that Vermont Mutual was neither accepting nor denying coverage at that time, but was continuing its investigation under a full reservation of rights until such time as coverage

# JOHN F. ROSSI
ATTORNEY AT LAW

David DeLuca, Vice President Letter
July 21, 2006
Page Three

issues are determined. That notice failed to specify any reason or grounds upon which Vermont Mutual was proceeding under a reservation of rights with regard to this claim. A copy of the May 5, 2006 notice is attached hereto as Exhibit "B".

10. Vermont Mutual has to date failed or refused to confirm or deny coverage for the March 4, 2006 loss, nor has it remitted any payment in accordance with or in response to the proof of loss submitted during April, 2006.

11. On May 16, 2006 a preliminary building claim and floor plan of the dwelling was submitted on behalf of Mary E. Petit, Frank Petit and/or the 93A Hillside Street Nominee Trust concerning the March 4, 2006 loss. That preliminary building claim indicated a total property damage loss in the amount of $513,315.33.

12. Vermont Mutual has to date failed or refused to remit payment for the building claim submitted on May 16, 2006. Furthermore, Vermont Mutual has failed to provide notice as to any valid reason or basis for refusing to provide payment for this loss.

13. Vermont Mutual did request that Mary E. Petit and Frank Petit travel from their residence in Florida and submit to examinations under oath in Massachusetts with regard to the claim arising out of the March 4, 2006 fire loss. Mary E. Petit and Frank Petit complied with that request. During the course of her examination under oath on May 24, 2006, Mary E. Petit was asked about and testified as to her conversations with Dadgar concerning the questionnaire. In particular, she testified that she did inform Dadgar at the time she first received the completed questionnaire that one or more of the tenants residing at 93A Hillside Street were students attending Northeastern University.

14. On or about May 31, 2006, Vermont Mutual, through its attorney Peter C. Kober, forwarded a letter which stated in part, "I wanted to advise you that, subsequent to my taking the EUOs of Mr. and Mrs. Petit, I spoke with Anowsh Dadgar of Dadgar Insurance Agency, Inc. In that discussion with me, Mr. Dadgar categorically denied that Mrs. Petit had disclosed to him that any students were renting any of the units in the insured property and further denied any discussion relating to whether Northeastern University coop students qualified as 'working class' tenants as opposed to "students". Dadgar also stated that, during the course of the telephone conversation during which he read to her the questions on the 'Dwelling Questionnaire', he read to her the

# JOHN F. ROSSI
ATTORNEY AT LAW

**David DeLuca, Vice President Letter**
**July 21, 2006**
**Page Four**

parenthetical portion of Question No. 13, i.e., '(Student occupancy is not acceptable)'.

15. Although Vermont Mutual has not specifically stated so in writing or in any valid form of notice pursuant to the terms of the insurance policy concerning this loss, the content of Attorney Kober's May 31, 2006 letter appears to insinuate that Vermont Mutual is refusing to remit payment because of the existence of Northeastern University Co-Op Students as tenants in the subject real estate.

16. Notwithstanding the contention of Mary E. Petit, Frank Petit and/or the 93A Hillside Street Nominee Trust that Dadgar's representations to Mary E. Petit on or about November 4, 2003 contained inaccurate and misleading information concerning the completion and submission of the questionnaire, that Dadgar , in particular, informed Mary Petit that the tenants in the rental property located at 93A Hillside Street, Boston, MA could be classified as "working class" insofar as they were co-op students attending Northeastern University, and notwithstanding the issue as to whether Dadgar knew or should have known that such a designation of these tenants would not be acceptable to Vermont Mutual, and notwithstanding the repeated and continuous efforts of Mary E. Petit, Frank Petit and/or the 93A Hillside Street Nominee Trust to comply with various requests by Vermont Mutual to provide information on this issue, there is no valid basis or evidence that the discrepancy discussed in Attorney Kober's May 31, 2006 letter would suffice to enable Vermont Mutual to meet its burden of proof for refusing or failing to pay their claims for property damage and lost rental income.

17. On June 4, 2006, May E. Petit, Frank Petit and/or the 93A Hillside Street Nominee Trust, through their attorney, forwarded written notice to Vermont Mutual, through its attorney, Peter Kober, wherein they demanded full payment for this claim. A copy of this written notice is attached hereto as Exhibit "C".

18. On June 6, 2004, Attorney Kober responded to the June 4, 2006 letter in writing. In particular, Attorney Kober stated: "I have communicated to Vermont Mutual the contents of your June 4, 2006 letter. Once I have had the opportunity to discuss the letter, I will advise you accordingly.

19. On July 6, 2006, not having received any response to their June 4, 2006 demand for payment of this claim, Mary E. Petit, Frank Petit and/or the 93A Hillside Street Nominee Trust, through their attorney, placed a telephone call and left a voice mail message to Vermont Mutual, through its attorney, asking that Vermont Mutual

JOHN F. ROSSI
ATTORNEY AT LAW

**David DeLuca, Vice President Letter**
**July 21, 2006**
**Page Five**

notify them as to the status of the payment of this claim.

20. On July 10, 2006, still hot having received any response to their June 4, 2006 demand for payment of this claim, and not having received any response to their July 6, 2006 voice mail message, Mary E. Petit, Frank Petit and/or the 93A Hillside Street Nominee Trust, through their attorney, forwarded via facsimile and first class mail, another written notice again demanding payment for this claim forthwith. A copy of this letter is attached hereto as Exhibit "D".

21. It has now been in excess of 90 days since the proof of loss was presented on behalf of Mary E. Petit, Frank Petit and/or the 93A Hillside Street Nominee Trust with regard to the March 3, 2006 fire loss.

22. It has now been in excess of 60 days since the preliminary building claim and floor plan were presented on behalf of Mary E. Petit, Frank Petit and/or the 93A Hillside Street Nominee Trust with regard to the March 3, 2006 fire loss.

23. Within two days from the date of this letter, it will have been 60 days since examinations under oath were conducted on Mary E. Petit, Frank Petit and/or the 93A Hillside Street Nominee Trust with regard to the March 3, 2006 fire loss.

24. It has now been in excess of 75 days since the June 4, 2006 written demand for payment which was submitted on behalf of Mary E. Petit, Frank Petit and/or the 93A Hillside Street Nominee Trust with regard to the March 3, 2006 fire loss.

25. Vermont Mutual's failure to timely affirm coverage with regard to the March 3, 2006 fire loss, constitutes an unfair claims settlement practice which, in turn, constitutes an unfair and/or deceptive act or practice pursuant to G.L., Chapter 93A.

26. Vermont Mutual's failure to remit payment in a timely manner for lost rental income, property damage and travel expenses for attending the examinations under oath with regard to the March 3, 2006 fire loss, constitute unfair claims settlement practices which, in turn, constitute unfair and/or deceptive acts or practices pursuant to G.L., Chapter 93A.

27. Vermont Mutual's failure to reasonably and timely acknowledge attempts to communicate concerning the claim arising out of the March 3, 2006 fire loss constitutes

# JOHN F. ROSSI
ATTORNEY AT LAW

**David DeLuca, Vice President Letter**
**July 21, 2006**
**Page Six**

an unfair claims settlement practice which, in turn, constitutes unfair and/or deceptive acts or practices pursuant to G.L., Chapter 93A.

As a direct and proximate result of the unfair and/or deceptive acts or practices of Vermont Mutual, its agents, servants or employees described above, my clients have suffered the following injuries:

I.  Five Hundred Thirteen Thousand Three Hundred Fifteen and 33/100 ($513,315.33) Dollars, the amount of the proof of claim submitted arising out of the March 4, 2006 fire loss;

II. Loss of rental income from tenants of 93A Hillside Street.

III. Travel expenses in excess of Two Thousand Seven Hundred Fifty Five and 86/100 ($2,755.86) Dollars concerning Mary E. Petit's and Frank Petit's appearance in Boston, Massachusetts to give statements under oath.

Wherefore demand is made on behalf of Mary E. Petit, Frank Petit and/or the 93A Hillside Street Nominee Trust, against Vermont Mutual in the sum of treble the amount of the above-described injuries, plus attorneys fees, interest and costs.

Failure to respond to this demand within 30 days offering a reasonable settlement will compel the commencement of a lawsuit under Chapter 93A, which provides for compensation for injuries, multiple damages, costs and counsel fees.

In addition to the foregoing, in order to properly protect such information from spoliation or other destruction, demand is hereby made that Vermont Mutual preserve any and all written or electronic documents, files, computer servers, disks or other storage media which contain the following information:

1.  The content of all applications for fire dwelling insurance submitted to Vermont Mutual during the period from November 4, 2002 up through and including the present.

JOHN F. ROSSI
ATTORNEY AT LAW

**David DeLuca, Vice President Letter**
**July 21, 2006**
**Page Seven**

2. The content of all questionnaires for fire dwelling insurance submitted to Vermont Mutual during the period from November 4, 2002 up through and including the present.

3. The content of all claims for fire damage submitted to Vermont Mutual and for which it denied payment due to the existence of students residing on the premises during the period from November 4, 2002 up through and including the present.

4. The address of all locations of real estate which was the subject of any applications for insurance and/or insurance questionnaires submitted by or through Dadgar during the period from November 4, 2002 up through and including the present.

5. The name and address of each and every owner of all real estate which was the subject of any applications for insurance and/or insurance questionnaires submitted by or through Dadgar during the period from November 4, 2002 up through and including the present.

6. Its entire claim file concerning the March 3, 2006 fire loss.

Very Truly Yours,

JOHN F. ROSSI

JFR/ejf
cc:   Mary E. Petit and Frank Petit
       Peter C. Kober, Esq.
certified mail #70050390000639916899
2006.006



# VERMONT MUTUAL GROUP
## DWELLING QUESTIONNAIRE

Insured's Name: 93A Hillside Street Nominee Trust   May B. & Frank Petit

Location of Property: 93A Hillside st. Boston Ma 92129

Policy No. (If applicable): New

1. Is the insured known to you?  Yes       2. Is the property known to you?  Yes

3. Year of construction: 1920's    4. Is the building property maintained and in good repair?  Yes

5. Are stairs, handrails, and porches in good condition?  Yes

6. Are there smoke detectors in all units?  Yes       7. Is this seasonal property?  No

8. Type of central heating system:  GAS       9. Are there two exits for all units?  yes

10. Have the following been updated.
    Wiring ✓ Year 1999 Roofing ✓ Year 2000   Heating ✓ Year 2002 Plumbing ✓ Year 2000

11. Is the area   Improving ____   (Stable)   Declining ____

12. Are there any substandard fire exposures within 50 feet?  No   If so, please explain ____

13. What class of tenants reside in this building? ____

(Working class)   Other Please Specify ____
Professional ____   (Student occupancy is not acceptable)

14. Are any business pursuits conducted on the premises?  No   If so, please explain. ____

15. If the house was built prior to 1965
    A. Has there been any attempt to delead the premises?  No
    B. Has the owner ever been notified of lead problems?  No

16. Has risk been non-renewed or cancelled?  No   If so, please explain. ____

17. Previous carrier:  New purchase

18. 3 year loss History:  None

19. Does insured have any knowledge of an underground or exterior oil tank on the premises?  No

20. If it is a townhouse, are there firewalls?  No

21. Does dwelling have any woodstoves or oil space heaters?  No

22. Are there farm barns or former barns on premises?  No

23. If risk is located in a coastal area, please advise on the distance to the ocean  No

### A PHOTO OF THE DWELLING MUST BE ATTACHED
COVERAGE WILL NOT BE CONSIDERED BOUND UNLESS ALL QUESTIONS ARE COMPLETED

DATE 11.4.03   AGENCY: DODGAR       SIGNED X _____
ED 0797                                   Individual Completing Form

**EXHIBIT A**

Faxed to 781-416-1004 and mailed regular and return receipt on May 5 2006 to

Bryan A. Holtzman
Swirling Milton Winnick
36 Washington Street
Suite 310
Wellesley Hills, Ma. 02481-1917

RE: 93 A Hillside St Nominee Trust
    93A Hillside Street
    Boston Ma. 02120

Policy number: DF13040719    Claim number: DFA09454
Date of Loss: 3/3/06


Dear Mr. Holtzman,

Per Company instruction we are formally rejecting the enclosed Proof of Loss submitted by you for Rents advance of $25,000.

PLEASE BE ADVISED we are neither accepting nor denying coverage at this time, but we are continuing our investigation under a full RESERVATION OF RIGHTS until such time as coverage issues are determined.

Please be advised that neither this nor any other correspondence is intended to waive any of the rights, defenses, or privileges the Insurance Company has under the terms and conditions of the policy.

Sincerely,

Steven A. Chandler
General Adjuster-AIC
USA Claims
PO Box 60491
Longmeadow Ma. 01116

413-567-2232
413-567-2248-fax


2 Pages total


**EXHIBIT B**

# JOHN F. ROSSI
ATTORNEY AT LAW
18 TREMONT STREET
SUITE 900
BOSTON, MASSACHUSETTS 02108

TELEPHONE
(617) 742-5400

FACSIMILE
(617) 742-0003

June 4, 2006

Peter C. Kober, Esq.
Litchfield Cavo, LLP
6 Kimball Lane
Suite 100
Lynnfield, MA 01940

**RE:  MARY E. PETIT & FRANK PETIT**
**AND: VERMONT MUTUAL INSURANCE COMPANY**

Dear Mr. Kober:

Thank you for forwarding copies of exhibits concerning the statements under oath of Mary and Frank Petit which you took on May 24, 2006. I did note that there was no exhibit number 8 included among those exhibits. I would therefore appreciate it if you would forward a copy of Exhibit 8 to me at your earliest convenience. Alternatively, kindly notify me if there is any question or problem in this regard.

I have also reviewed your letter to me dated May 30, 2006, wherein you notified me of Vermont Mutual Insurance Company's refusal to compensate the Petits for the travel related expenses they incurred in appearing for their statements under oath. It is important to note that Vermont Mutual, through your previous letter to the Petits dated May 9, 2006, made clear its request that they travel to Massachusetts for this purpose. Although your letterhead indicated you had an office in Florida, and notwithstanding the available technology to take these statements via telephone or in Florida, Vermont Mutual decided to require both of them to travel to Boston for this purpose. The only option Vermont Mutual provided to the Petits was whether to have the statements taken in Lynnfield or Boston, Massachusetts. The applicable policy provisions do not indicate any obligation of the insureds to incur material expenses with regard to their responsibility to comply with the insurer's request for a statement under oath. At best, this issue is ambiguously handled in the policy which the insurer has drafted. If so, this ambiguity is likely to be interpreted in favor of the insureds. As a result of the foregoing, I have enclosed copies of the Petits' receipts and invoices and hereby demand payment on their behalf in the amount of $2,755.86.

I have forwarded a copy of your May 31, 2006 letter to my clients and expect to hear from them in this regard in the near future. Notwithstanding this action, it appears clear that there is absolutely no valid evidence that the discrepancy you discuss in your letter would suffice to enable Vermont Mutual to meet its burden of proof should it

**EXHIBIT C**

JOHN F. ROSSI
ATTORNEY AT LAW

Peter C. Kober, Esq. Letter
June 4, 2006
Page Two

attempt to refuse payment in this matter due to any alleged misrepresentations by the Petits. In fact, it would appear that any attempts by Vermont Mutual to refuse payment on such a basis would likely constitute an unfair or deceptive act or practice pursuant to Chapter 176D, and thereby give rise to a violation of the Massachusetts Consumer Protection act, Chapter 93A.

Based on the foregoing, and notwithstanding our willingness to continue to comply with the requests made in your May 31st letter, demand is hereby made for full payment of this claim pursuant to the proof of loss and estimate both of which have been previously submitted in this matter on behalf of Mary E. And Frank Petit.

I look forward to hearing from you in the near future in this regard. Thank you for your anticipated courtesy and consideration.

Very truly yours,

JOHN F. ROSSI

JFR/ejf
2006.006

## JOHN F. ROSSI
ATTORNEY AT LAW
18 TREMONT STREET
SUITE 900
BOSTON, MASSACHUSETTS 02108

TELEPHONE
(617) 742-5400

FACSIMILE
(617) 742-0003

July 10, 2006
**VIA FACSIMILE & FIRST CLASS MAIL**

Peter C. Kober, Esq.
Litchfield Cavo, LLP
6 Kimball Lane
Suite 100
Lynnfield, MA 01940

RE:   MARY E. PETIT & FRANK PETIT
AND:  VERMONT MUTUAL INSURANCE COMPANY

Dear Mr. Kober:

In response to your recent request, and pursuant to our recent telephone conversation, this letter will confirm that I have made inquiry with Ms. Petit regarding any contemporaneous notes she may have concerning her discussions with Mr. Dadgar regarding the insurance questionnaire and, in particular, the issue of student vs. working class tenants. Ms. Petit has advised me that she has no contemporaneous notes concerning this issue. She did, however, transmit an email to her privately retained adjuster, Brian Holtzman, on April 13, 2006 which in part contained the following:

> **"I vividly recall the conversation I had with the Dadgar Agency on this. They asked if the students worked. I said yes. They were Northeastern U. I hope this is not going to affect the insurance. I assumed the agent knew what he was doing. The agent is the owner of Dadgar Insurance."**

Ms. Petit informs me her email was forwarded in response to two questions posed by the insurance adjuster handling this on behalf of Vermont Mutual:

> **"When did you purchase the property? And how long have you been renting to college students?"**

Also, pursuant to the voice mail message I left with you on July 6, 2006, please contact me at once to notify me as to the status of the payment of this claim. As you are aware, it has been in excess of thirty days since my previous letter to you dated June 4, 2006 wherein I demanded payment on their behalf for the travel and lodging expenses incurred as a result of Vermont Mutual's request that they appear in

**EXHIBIT D**

JOHN F. ROSSI
ATTORNEY AT LAW

Peter C. Kober, Esq., Letter
July 10, 2006
Page Two

Massachusetts for Examinations Under Oath, as well as for the full payment of their claim pursuant to the proof of loss and property damage lost estimate both of which were previously forwarded to Vermont Mutual on my clients' behalf.

It has been in excess of 60 days since the proof of loss was presented in this matter. Furthermore, it is now only 6 days short of 60 days since the preliminary building claim was presented. Still furthermore, it has been in excess of 45 days since the May 24, 2006 Examinations Under Oath. As you are aware, my clients continue to suffer great financial loss in the form of lost income, property damage and other consequential damages. Vermont Mutual's continued and unexplained failure to make payment in this matter will leave us no choice than to consider further legal action in order to enforce my clients' rights in this regard. I therefore again demand payment forthwith in this matter and further request your response to all issues contained in this letter on or before Friday, July 14, 2006.

Thank you for your anticipated courtesy and consideration.

Very truly yours,

JOHN F. ROSSI

JFR/ejf
2006.006
cc: Mary E. & Frank Petit (via first class mail)