**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent ☐ Addressee

B. Received by ( Printed Name)     C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

1. Article Addressed to:

Anowshirvan Dadgar, Registered Agent and President
Dadgar Insurance Agency, Inc.
400 West Cummings Park
Woburn, MA 01801

3. Service Type
   ☐ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)     ☐ Yes

2. Article Number
   (Transfer from service label)     P 572 566 874

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Anowshirvan Dadgar, Registered Agent and President
Dadgar Insurance Agency, Inc.
400 West Cummings Park
Woburn, MA 01801

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☐ Certified Mail   ☐ Express Mail
   ☐ Registered   ☐ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number   P 572 566 874
   (Transfer from service label) 566 874

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

---

P 572 566 874

**US Postal Service**
**Receipt for Certified Mail**
No Insurance Coverage Provided.
Do not use for International Mail (See reverse)

Sent to Anowshirvan Dadgar, Registered Agent
Street & Number 2-L President
Dadgar Insurance Agency, Inc.
Post Office, State, & ZIP Code
400 West Cummings Park
Woburn, MA 01801

Postage $
Certified Fee
Special Delivery Fee
Restricted Delivery Fee
Return Receipt Showing to Whom & Date Delivered
Return Receipt Showing to Whom, Date, & Addressee's Address
TOTAL Postage & Fees $
Postmark or Date

PS Form 3800, April 1995

Fold at line over top of envelope to the right of the return address

CERTIFIED

P 572 566 874

MAIL

# JOHN F. ROSSI

ATTORNEY AT LAW
18 TREMONT STREET
SUITE 900
BOSTON, MASSACHUSETTS 02108

TELEPHONE
(617) 742-5400

FACSIMILE
(617) 742-0003

June 14, 2006

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Anowshirvan Dadgar, Registered Agent and President
Dadgar Insurance Agency, Inc.
400 West Cummings Park
Woburn, MA 01801

## DEMAND PURSUANT TO M.G.L., CHAPTER 93A, §9

RE:   **MARY E. PETIT & FRANK PETIT,**
     **VERMONT MUTUAL INSURANCE COMPANY,**
     **DADGAR INSURANCE AGENCY, INC.**
AND: **ANOWSHIRVAN DADGAR**

Dear Mr. Dadgar:

This letter constitutes demand made on behalf of my clients, Mary E. Petit and Frank Petit, and/or 93A Hillside Street Nominee Trust based upon the following unfair and/or deceptive acts or practices which constitute violations of Chapter 93A, §9 of the Massachusetts General Laws:

1.  On or about November 4, 2003, you were an insurance agent doing business as Dadgar Insurance Agency, Inc., and holding yourself out as duly authorized to provide insurance services products in this Commonwealth. More specifically, you represented yourself and Dadgar Insurance Agency, Inc., as a full-service, multi-line insurance agency.

2.  On or about that date you undertook to provide insurance services to Mary E. Petit and Frank Petit and/or 93A Hillside Street Nominee Trust. In particular, you assisted them in obtaining insurance coverage in the form of a Dwelling Fire Policy for their rental income property located at 93A Hillside Street, Boston, Massachusetts.

3.  As part of the services you provided to Mary E. Petite and Frank Petit and/or 93A Hillside Street Nominee Trust, you assisted and advised them in conjunction with the completion of a Vermont Mutual Group Automated Dwelling Fire Application and

## JOHN F. ROSSI
### ATTORNEY AT LAW

**Anowshirvan Dadgar/Dadgar Insurance Agency 93a Demand Letter**
**June 14, 2006**
**Page Two**

Vermont Mutual Group Dwelling Questionnaire.

4. During the course of completing the Vermont Mutual Group Dwelling Questionnaire, (hereinafter referred to as "questionnaire") a copy of which is attached to this letter as Exhibit "A", Mary E. Petit informed you that one or more of the tenants currently residing in the rental property located at 93A Hillside Street, were students at Northeastern University. She provided this information in conjunction with item number 13 in the questionnaire.

5. On one occasion, Mary E. Petit placed a telephone call to you after she received from you a copy of the questionnaire which you had completed on her behalf and advised you that one or more of the tenants in the rental property located at 93A Hillside Street were students attending Northeastern University. During the course of that conversation you advised her that insofar as those students were part of the co-op work program, they should be classified as "working class".

6. In reasonable reliance upon your advice, Mary E. Petit proceeded to sign and authorize the submission of the questionnaire to the Vermont Mutual Insurance Company.

7. Mary E. Petit renewed her Dwelling Fire Policy through Dadgar Insurance Agency in October, 2004 and October, 2005.

8. On or about March 4, 2006, the rental real estate property located at 93A Hillside Street, Boston, MA was severely damaged by fire.

9. Mary E. Petit, Frank Petit and/or the 93A Hillside Street Nominee Trust presented timely notice and a proof of claim to the Vermont Mutual Insurance Company concerning the March 4, 2006 fire loss.

10. The Vermont Mutual Insurance Company has to date failed or refused to pay the proof of claim submitted for the March 4, 2006 fire loss, and has indicated the failure to disclose the existence of tenants who were Northeastern University co-op students as the reason for such non-payment to date.

11. The Vermont Mutual Insurance Company did request that Mary E. Petit and Frank Petit submit to examinations under oath with regard to the claim arising out of the

JOHN F. ROSSI
ATTORNEY AT LAW

**Anowshirvan Dadgar/Dadgar Insurance Agency 93a Demand Letter**
**June 14, 2006**
**Page Three**

March 4, 2006 fire loss. Mary E. Petit and Frank Petit complied with that request. During the course of her examination under oath, Mary E. Petit testified as to her conversations with you concerning the questionnaire. In particular, she testified that she did inform you at the time she first received your completed questionnaire that one or more of the tenants residing at 93A Hillside Street were students attending Northeastern University.

12. On or about May 31, 2006, Vermont Mutual Insurance Company, through its attorney Peter C. Kober, forwarded a letter which stated in part, "I wanted to advise you that, subsequent to my taking the EUOs of Mr. and Mrs. Petit, I spoke with Anowsh Dadgar of Dadgar Insurance Agency, Inc. In that discussion with me, Mr. Dadgar categorically denied that Mrs. Petit had disclosed to him that any students were renting any of the units in the insured property and further denied any discussion relating to whether Northeastern University coop students qualified as "working class" tenants as opposed to "students". He also stated that, during the course of the telephone conversation during which he read to her the questions on the 'Dwelling Questionnaire', he read to her the parenthetical portion of Question No. 13, i.e., '(Student occupancy is not acceptable)'.

13. Your representations as quoted in Attorney Kober's May 31, 2006 letter constitute false and inaccurate statements as to the content of the disclosures which Mary E. Petit provided to you during the insurance application and questionnaire process.

14. In addition, your representations to Mary E. Petit on or about November 4, 2003 contained inaccurate and misleading information concerning the completion and submission of the questionnaire. In particular, you informed her that the tenants in the rental property located at 93A Hillside Street, Boston, MA could be classified as "working class" insofar as they were co-op students attending Northeastern University notwithstanding the fact that you knew or should have known that such a designation of these tenants would not be acceptable to the Vermont Mutual Insurance Company.

As a direct and proximate result of the unfair and/or deceptive acts or practices of you and/or The Dadgar Insurance Agency, its agents, servants or employees described above, my client has suffered the following injuries:

JOHN F. ROSSI
ATTORNEY AT LAW

**Anowshirvan Dadgar/Dadgar Insurance Agency 93a Demand Letter**
**June 14, 2006**
**Page Four**

I.    Five Hundred Thirteen Thousand Three Hundred Fifteen and 33/100 ($513,315.33) Dollars, the amount of the proof of claim submitted arising out of the March 4, 2006 fire loss;

II.    Loss of rental income from tenants of 93A Hillside Street.

III.    Travel expenses in excess of Two Thousand Seven Hundred Fifty Five and 86/100 ($2,755.86) Dollars concerning Mary E. Petit's and Frank Petit's appearance in Boston, Massachusetts to give statements under oath.

Wherefore demand is made on behalf of Mary E. Petit, Frank Petit and/or the 93A Hillside Street Nominee Trust, against you Individually and as President of Dadgar Insurance Agency, in the sum of treble the amount of the above-described injuries, plus attorneys fees, interest and costs.

Failure to respond to this demand within 30 days offering a reasonable settlement will compel the commencement of a lawsuit under Chapter 93A, which provides for compensation for injuries, multiple damages, costs and counsel fees.

In addition to the foregoing, in order to properly protect such information from spoiliation or other destruction, demand is hereby made that you preserve any and all written or electronic documents, files, computer servers, disks or other storage media which contain the following information:

1.    The content of all applications for fire dwelling insurance submitted by or through you and/or Dadgar Insurance Agency during the period from November 4, 2002 up through and including the present.

2.    The content of all questionnaires for fire dwelling insurance submitted by or through you and/or Dadgar Insurance Agency during the period from November 4, 2002 up through and including the present.

3.    The name and address of all insurance companies to which you and/or Dadgar Insurance Agency submitted any applications for insurance and/or insurance questionnaires for fire dwelling insurance during the period from November 4, 2002 up through and including the present.

# JOHN F. ROSSI
ATTORNEY AT LAW

**Anowshirvan Dadgar/Dadgar Insurance Agency 93a Demand Letter**
**June 14, 2006**
**Page Five**

4.    The address of all locations of real estate which was the subject of any applications for insurance and/or insurance questionnaires submitted by or through you and/or Dadgar Insurance Agency during the period from November 4, 2002 up through and including the present.

5.    The name and address of each and every owner of all real estate which was the subject of any applications for insurance and/or insurance questionnaires submitted by or through you and/or Dadgar Insurance Agency during the period from November 4, 2002 up through and including the present.

Very Truly Yours,

JOHN F. ROSSI

JFR/ejf
cc: Mary E. Petit and Frank Petit
certified mail #P 572 566 874
2006.006



## VERMONT MUTUAL GROUP
## DWELLING QUESTIONNAIRE

Insured's Name: 93A Hillside Street Nominee Trust    May & (Frank Petit

Location of Property: 93A Hillside st. Boston Mass 02129

Policy No. (If applicable): New

1 Is the insured known to you? Yes.          2. Is the property known to you? Yes.

3 Year of construction: 1925    4. Is the building properly maintained and in good repair? Yes

5. Are stairs, handrails, and porches in good condition? Yes.

6 Are there smoke detectors in all units? Yes.    7 Is this seasonal property? No

8. Type of central heating system: GAS    9. Are there two exits for all units? yes

10. Have the following been updated:

Wiring ✓ Year 1999 Roofing ✓ Year 2000    Heating ✓ Year 2002 Plumbing ✓ Year 2000

11. Is the area:    Improving    (Stable)    Declining

12. Are there any substandard fire exposures within 50 feet? No    If so, please explain:

13. What class of tenants reside in this building?

(Working class)    Other: Please Specify

(Professional)    (Student occupancy is not acceptable)

14. Are any business pursuits conducted on the premises? No    If so, please explain:

15. If the house was built prior to 1965

A Has there been any attempt to delead the premises? No

B Has the owner ever been notified of lead problems? No

16 Has risk been non-renewed or cancelled? No    If so, please explain:

17. Previous carrier: New purchase.

18. 3 year loss History: None

19 Does insured have any knowledge of an underground or exterior oil tank on the premises? No

20. If it is a townhouse, are there firewalls? No

21. Does dwelling have any woodstoves or oil space heaters? No

22. Are there farm barns or former barns on premises? No

23. If risk is located in a coastal area, please advise on the distance to the ocean: No

### A PHOTO OF THE DWELLING MUST BE ATTACHED
### COVERAGE WILL NOT BE CONSIDERED BOUND UNLESS ALL QUESTIONS ARE COMPLETED

DATE 11-4-03    AGENCY DODGAR    SIGNED X _____ 

Individual Completing Form

ED 0797

## EXHIBIT A