## UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF MASSACHUSETTS

*********************************************
VERMONT MUTUAL INSURANCE *
COMPANY, *
     Plaintiff/ *
     Counterclaim Defendant, *
                          *     CIVIL ACTION 06-CA-11212-JLT

vs. *
        *

MARY E. PETIT AND FRANK PETIT, *
TRUSTEES OF 93A HILLSIDE *
STREET NOMINEE TRUST *
and *
DADGAR INSURANCE AGENCY, *
INC., *
     Defendants/ *
     Counterclaim Plaintiffs. *
*********************************************
MARY E. PETIT AND FRANK PETIT, *
TRUSTEES OF 93A HILLSIDE *
STREET NOMINEE TRUST, *
     Cross-claim Plaintiffs, *
        *

vs. *
        *

DADGAR INSURANCE AGENCY, *
INC., *
     Cross-Claim Defendants. *
*********************************************
MARY E. PETIT AND FRANK PETIT, *
TRUSTEES OF 93A HILLSIDE *
STREET NOMINEE TRUST, *
     Third Party Plaintiffs, *
        *

vs. *
        *

ANOWSHIRVAN DADGAR *
     Third Party Defendant. *
*********************************************

## DEFENDANT, DADGAR INSURANCE AGENCY, INC., AND THIRD PARTY DEFENDANT, ANOWSHIRVAN DADGAR'S, OFFER OF PROOF PURSUANT TO FED. R. EVID. 103(a)(2)

The Defendant, Dadgar Insurance Agency, Inc. ("Dadgar"), and Third Party Defendant, Anowshirvan Dadgar, hereby respectfully make known to the Court, pursuant to Fed.R. Evid. 103(a)(2), the substance of evidence that may be excluded by the Court's May 28, 2009 Order (Document 116), its June 3, 2009 order,[1] and other orders of the Court made before and during the trial that clarify the scope and effect of those orders. In the May 28, 2009 Order, this Court indicated that the parties "are foreclosed from relitigating the decided claims and resolved issues." (May 28, 2009 Order, p. 1.) Among the "resolved issues" is that "[t]here is no genuine issue of material fact that the Petits had informed Dadgar that co-op students inhabited the Property." (May 28, 2009 Order, 3.a. p. 3 (citing Mem. 7-8, July 1, 2008).

Under Fed. R. Evid. Rule 103(a)(2), a party preserves its right to appeal an erroneous ruling excluding evidence by making known to the court by offer of proof the substance of that evidence. Fed. R. Evid. Rule 103(a)(2). Where evidence is excluded by a pretrial order, a pretrial offer of proof preserves the issue for appeal and the party need not bring the witness(es) to court or proffer the evidence again at trial. *Fusco v. General Motors Corp.*, 11 F.3d 259, 262-263 and n. 3 (1st Cir. 1993).

Defendants dispute the above quoted fact stated in the May 28, 2009 Order, and intend to support their defense as to all claims against them with evidence that directly

---

[1] The Court, in a June 3, 2009 Order, denied as moot the Plaintiff's Motion in Limine [123], pursuant to its 5/28/09 Order.

and indirectly contradicts this statement.  In order to ensure the Court knows what evidence is at issue, Dadgar respectfully submits the following proffer and attached exhibits.

## EVIDENCE

**Testimony of Anowshirvan Dadgar.**  Mr. Dadgar would be expected to testify consistently with his deposition, in which he affirmatively stated on numerous occasions that Ms. Petit had represented that there were no students occupying the premises, and that he had two contemporaneous notes supporting that testimony.  Exhibit A.  (Dadgar's deposition, pp. 75-78, 85, 86, 89, 130-131, 154-155, 165-168, 177-178, 219-220, 232, and 237.)

**Contemporaneous Notes of Mr. Dadgar.**  While talking to Mrs. Petit, Dadgar wrote down the information she provided to him, and kept the notes in his client file, in accordance with his usual business practice.  The notes read, in pertinent part, "No students."  Exhibit A (Dadgar's deposition, pp. 81-90); Exhibit B (notes from Dadgar Insurance Agency client file).  Mr. Dadgar first learned of students occupying the premises after the fire, as indicated by contemporaneous notes including a note of his conversation with the Petits' public adjuster, which reads in pertinent part,

> PA called fishing for answers since VM didn't send the advance check. He said he's pretty sure it's due to student occupancy and I should tell VM that these are coop students, not regular students, and they should be considered working class.  I responded to him we weren't aware of any coop students here and it's up to VM to make that determination.

Exhibit C (notes from Dadgar Insurance Agency claim file); Exhibit A (Dadgar's deposition, pp. 165-166).

**Testimony of Glen McRae.** Mr. McRae, an agent for Mrs. Petit at the Rodman Insurance Agency, would be expected to testify consistently with his deposition, in which he directly contradicted Mrs. Petit's testimony about her efforts to obtain insurance for the subject property before (and during) her discussions with Mr. Dadgar. The evidence would impeach her credibility as to her memory of the events, her knowledge of the insurers' underwriting concerns with student occupancy, and her motivation for signing the Vermont Mutual application materials (i.e., saving thousands of dollars in annual premium). Exhibit D (McRae's deposition, pp. 42-44, 48-51, 56-69).

**Records of Rodman Insurance Agency.** Rodman Insurance Agency's records, for the same reason as the testimony of Glen McRae, would be used to directly contradict the testimony of Mrs. Petit and impeach her credibility. Exhibit E (Rodman Insurance Agency client file).

**Testimony of Robert Aleknas.** Mr. Aleknas, a commercial lines technical underwriting consultant for Harleysville Insurance, would be expected to testify consistently with his deposition, in which he directly contradicted Mrs. Petit's testimony about the reason for Harleysville declining to quote insurance coverage for the subject property. According to Mr. Aleknas, on October 10, 2003, Harleysville refused to insure the property because the majority of units were student occupied. Exhibit F (Harleysville's deposition, pp. 32-34). Mrs. Petit denies or does not recall this

4

event, which occurred two weeks before her discussions with Mr. Dadgar (about which she contends she has "vivid" memory).

**Records of Harleysville Insurance Company.** Harleysville Insurance Company's records, for the same reason as the testimony of Mr. Aleknas, would be used to directly contradict the testimony of Mrs. Petit and impeach her credibility. Exhibit G (Harleysville Insurance Company's underwriting file).


The Defendant, Dadgar Insurance Agency, Inc. ("Dadgar"), and Third Party Defendant, Anowshirvan Dadgar, reserve the right to supplement this Offer of Proof and to make further objections and/or offer(s) of proof in accordance with Fed. R. Civ. P. Rule 46 and Fed. R. Civ. P. 103.


Respectfully submitted,
Dadgar    Insurance    Agency,    Inc.,    and
Anowshirvan Dadgar,
By their Attorneys:


   /s/  William P. McGovern, Jr.
William P. McGovern, Jr. - BBO# 656188
Tucker, Heifetz & Saltzman, LLP
100 Franklin St.
Boston, MA  02110
(617) 557-9696
Fax:  617-227-9191

## CERTIFICATE OF SERVICE

I, William P. McGovern, Jr., hereby certify that a true copy of the above document was served upon the attorney of record for each other party by electronic means on June 7, 2009.

/s/  William P. McGovern, Jr.
William P. McGovern, Jr.